http://www.va.gov/vetapp16/Files4/1630419.txt

Citation Nr: 1630419 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 04-37 239 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina

THE ISSUES

1. Entitlement to service connection for an esophageal disability, to include esophageal stricture.

2. Entitlement to service connection for hypertension, to include as secondary to service-connected diabetes mellitus, type II, or renal failure.

3. Entitlement to service connection for a back disability, to include degenerative disc disease (DDD), degenerative joint disease (DJD), and lumbar canal stenosis.

4. Entitlement to service connection for multiple joint arthritis.

5. Entitlement to an effective date earlier than September 29, 2003, for the grant of service connection for diabetes mellitus, type II.

REPRESENTATION

Veteran represented by: Disabled American Veterans
WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

M. D. Bruce, Associate Counsel

INTRODUCTION

The Veteran served on active duty from July 1964 to May 1966.

These matters come before the Board of Veterans' Appeals (Board) on appeal from March 2004 and May 2005 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina. These matters were remanded by the Board in May 2011.

In May 2010, the Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge with respect to the issues of entitlement to service connection for an esophageal disability, hypertension, and a back disability. A transcript of that hearing is of record. A transcript of that hearing is of record.

The issues of entitlement to an increased disability rating for diabetes mellitus, type II, and entitlement to service connection for squamous cell carcinoma have been raised by the record in an April 2016 claim, but have not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over them, and they are referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015). 

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.

REMAND

Esophageal Disability, Hypertension, and Back Disability Claims

Pursuant to the Board's May 2011 remand, the Veteran underwent VA examinations in connection with his claims for entitlement to service connection for esophageal stricture, hypertension, and a back disability in June 2011. Upon review, the Board finds these examinations insufficient for purposes of determining service connection, and finds that addendum opinions are necessary. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (once VA undertakes the effort to provide an examination when developing a service-connection claim, even if not statutorily obligated to do so, it must provide an adequate one or, at a minimum, notify the claimant why one will not or cannot be provided).

With respect to the Veteran's esophageal disability claim, the record reflects that the Veteran has asserted that the condition arose as a result of digestive problems during service. Service treatment records dated December 1965 reflect complaints of stomach trouble, as well as nausea and pain with eating. The records also appear to contain a notation reading "esophagitis." Upon examination in June 2011, the examiner noted only that the Veteran has had problems with food impaction since 1989 which are most likely due to an esophageal ring. The examiner also stated that there was no documented evidence of the condition in service. Accordingly, the Board finds an addendum opinion should be obtained to address the Veteran's assertions regarding the etiology of his esophageal stricture as well as the documented digestive issues in service. See id.

With respect to the Veteran's hypertension claim, he asserts that it began in service or, alternatively, is caused or aggravated by his service-connected diabetes mellitus, type II. The service treatment records contain no diagnosis of hypertension, but do demonstrate some high blood pressure readings. Upon examination in June 2011, the examiner opined that hypertension was less likely as not caused by or a result of military service because there was no diagnosis in service and elevated blood pressure in isolation does not constitute a diagnosis. The examiner also opined that hypertension was less likely as not caused by or a result of diabetes mellitus, because diabetes is not a cause of hypertension. The examiner further noted that hypertension preceded the diagnosis of diabetes and there was no evidence the hypertension is aggravated because blood pressure determinations documented for the past two years were normal with no alteration with medication. Primarily, the Board notes that the examiner did not provide a sufficient rationale for any of the opinions expressed. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008) (the probative value of a medical opinion comes from whether it is factually accurate, fully articulated, and has sound reasoning for the conclusion). Furthermore, subsequent to the June 2011 examination, the Veteran was granted service connection for renal failure, evidenced by microalbuminuria, associated with his diabetes. The Veteran's representative has alleged a relationship between hypertension and renal failure or albuminuria. Accordingly, the Board finds that an addendum opinion is warranted so that the examiner may provide further rationale and address any relationship between hypertension and renal failure or albuminuria. See Barr, 21 Vet. App. at 311. The examiner should also attempt to opine on whether hypertension is at least as likely as not aggravated by diabetes without taking into consideration the ameliorative effects of the Veteran's medication. See generally Jones v. Shinseki, 26 Vet. App. 56, 63 (2012). The examiner should also address medical articles submitted by the Veteran which discuss a relationship between hypertension and diabetes. 

With respect to the Veteran's back disability, the June 2011 examiner diagnosed lumbar DJD and DDD, as well as lumbar canal stenosis, and opined that it was less likely as not that the Veteran's current back pain was a continuation of the pain noted during service. The examiner noted two February 1965 reports of back pain in the service treatment records, as well as a notation on the Veteran's May 1966 Report of Medical History given at separation that the Veteran had a back injury with no sequelae. In support of the opinion, the examiner stated that there was no further chronicity of symptoms. However, it does not appear that the examiner considered the competent lay statements of the Veteran, as well as several of his family members and friends, that the Veteran has continuously experienced back pain since service. Furthermore, the Veteran has asserted that he sought treatment in the years since service, but those records are no longer available. Accordingly, an additional opinion is warranted which considers the lay assertions of record. See Barr, 21 Vet. App. at 311.

Multiple Joint Arthritis and Earlier Effective Date Claims

In a June 2006 substantive appeal, the Veteran requested a Travel Board hearing with respect to the issues of entitlement to service connection for multiple joint arthritis and entitlement to an earlier effective date for the award of service connection for diabetes mellitus, type II; however, these issues were not addressed during his May 2010 hearing. By letter dated April 2016, the Veteran was asked whether he wished to testify before a VLJ regarding these issues. The Veteran subsequently responded that he wished to have a Travel Board hearing. 

Considerations of due process mandate that the Board may not proceed with review of these claims without providing the Veteran an opportunity for the requested hearing. Therefore, remand is required in this case to schedule the Veteran for a Travel Board hearing so that he may provide evidence in support of these claims. See 38 U.S.C.A. § 7107(b) (West 2014); 38 C.F.R. § 20.700(a) (2015). 

Additionally, as it appears the Veteran receives continuous treatment through 
VA, the Board finds the RO should obtain any VA treatment records dated from September 2013 to the present.

Accordingly, the case is REMANDED for the following actions:

1. Obtain and associate with the record VA treatment records for the Veteran dated from September 2013 to the present. All actions to obtain the requested records should be documented fully in the claims file. If any records cannot be located or no such records exist, the Veteran and his representative should be so notified, and the unavailability of the records should be noted in the claims file.

2. Forward the claims file to the VA examiner who conducted the June 2011 esophagus examination, or an appropriate substitute if unavailable, for an addendum opinion regarding the Veteran's claim for entitlement to service connection for an esophageal disability. If necessary, schedule the Veteran for an additional VA examination. After a review of the evidence, to include the Veteran's service treatment records (specifically the December 1965 report of digestive symptoms), VA examination report, and with consideration of the Veteran's other lay statements regarding his symptoms and their onset, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent probability or more) that any esophageal disability, to include esophageal stricture, had its onset in service, was caused by service, or is otherwise related to service.

In formulating the opinion, the term "at least as likely as not" does not mean "within the realm of possibility." Rather, it means that the weight of the medical evidence both for and against the claim is so evenly divided that it is as medically sound to find in favor of the claim as it is to find against it.

A complete rationale should be provided for any opinion or conclusion expressed.

3. Forward the claims file to the VA examiner who conducted the June 2011 hypertension examination, or an appropriate substitute if unavailable, for an addendum opinion regarding the Veteran's claim for entitlement to service connection for hypertension. If necessary, schedule the Veteran for an additional VA examination. After a review of the evidence, to include the Veteran's service treatment records (specifically including any elevated blood pressure readings), VA examination report, and with consideration of the Veteran's other lay statements regarding his symptoms and their onset, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent probability or more) that hypertension had its onset in service, was caused by service, or is otherwise related to service. The examiner should also provide an opinion as to whether it is at least as likely as not (50 percent probability or more) that the Veteran's hypertension manifested to a compensable degree within one year of active duty service. 

If and only if the examiner opines that hypertension is not directly related to service, the examiner should provide an opinion as to whether it hypertension at least as likely as not (50 percent probability or more) proximately caused or aggravated by the Veteran's service-connected disabilities, to include diabetes mellitus, type II, and renal failure (to include albuminuria). The examiner should address the medical articles submitted by the Veteran in May 2010 and September 2010.

Aggravation is defined as a permanent worsening beyond the natural progression of the disability.

In formulating the opinion, the term "at least as likely as not" does not mean "within the realm of possibility." Rather, it means that the weight of the medical evidence both for and against the claim is so evenly divided that it is as medically sound to find in favor of the claim as it is to find against it.

A complete rationale should be provided for any opinion or conclusion expressed.

4. Forward the claims file to the VA examiner who conducted the June 2011 back examination, or an appropriate substitute if unavailable, for an addendum opinion regarding the Veteran's claim for entitlement to service connection for a back disability. If necessary, schedule the Veteran for an additional VA examination. After a review of the evidence, to include the Veteran's service treatment, VA treatment records, VA examination reports, and with specific consideration of the lay statements of the Veteran and his friends and family regarding his symptoms and their onset, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent probability or more) that any current back disability, to include DDD, DJD, and lumbar canal stenosis, began in service, was caused by service, or is otherwise related to service. 

In formulating the opinion, the term "at least as likely as not" does not mean "within the realm of possibility." Rather, it means that the weight of the medical evidence both for and against the claim is so evenly divided that it is as medically sound to find in favor of the claim as it is to find against it.

A complete rationale should be provided for any opinion or conclusion expressed.

5. After all development has been completed, re-adjudicate the claims of entitlement to service connection for service connection for an esophageal disability, to include esophageal stricture; entitlement to service connection for hypertension, to include as secondary to service-connected diabetes mellitus, type II, and renal failure; and entitlement to service connection for a back disability, to include DDD, DJD, and lumbar canal stenosis. If any benefit sought on appeal is not granted to the fullest extent, issue the Veteran and his representative a Supplemental Statement of the Case and provide a reasonable opportunity to respond before the case is returned to the Board for further appellate review.

6. Schedule the Veteran for a Travel Board hearing with respect to the issues of entitlement to service connection for multiple joint arthritis and entitlement to an effective date earlier than September 29, 2003, for the grant of service connection for diabetes mellitus, type II, in accordance with the procedures set forth at 38 C.F.R. 
§§ 20.700(a), 20.704(a) (2015). Following the hearing, return the claims to the Board for adjudication.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
ROBERT C. SCHARNBERGER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).